No. 20,620.

THE COLORADO FUEL AND IRON CORPORATION *v.*
THE INDUSTRIAL COMMISSION OF COLORADO, AND
JOSEPH N. HARRIS, JR.
(381 P. [2d] 267)

Decided May 6, 1963.

Messrs. WELBORN and DUFFORD, Mr. ELMER P. COGBURN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

Messrs. PRESTON & ALTMAN, for defendant in error Joseph N. Harris, Jr.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiff in error, the Colorado Fuel and Iron Corporation, as the "Employer"; to defendant in error, The Industrial Commission of Colorado, as the "Commission"; and to the defendant in error, Joseph N. Harris, Jr., as the "Claimant."

Joseph N. Harris, the father of the claimant, sustained a fatal injury on August 13, 1957, in an accident arising out of and within the course of his employment with the employer. The employer duly admitted liability and an order granting an award to Mary G. Harris, the widow, and their son, Joseph N. Harris, Jr., was duly entered by the Commission on November 18, 1957. Thereafter Mary G. Harris, the widow, remarried and the Commission entered its order terminating her benefits. Thereupon, and on or about December 20, 1961, the claimant through his attorney filed his petition requesting that benefits be continued to him, reciting the facts that he had arrived at his eighteenth birthday; that he was presently attending Pueblo Junior College; and that "he is therefore incapable at the present time of earning his own living for the reason that he is at-

tending college." At about the same time the employer asked the Commission to discontinue benefits to claimant because he had reached the age of eighteen years.

Following the filing of this petition a hearing was held before a referee of the Commission. It was established by the evidence that claimant was eighteen years of age on November 11, 1961, and that at the time of the hearing he was attending Pueblo Junior College. The mother of claimant testified, inter alia, as follows:

"THE REFEREE: Mrs. Pennington, is your son in good health? A. Yes, he is. Q. Nothing wrong with him in any respect? A. No. Q. The only reason he is not working now is because of his education? A. Yes, sir."

The final order of the Commission adopted and approved the findings of the referee which, in pertinent part, are as follows:

"Testimony received during this hearing disclosed that decedent's son is a healthy, capable boy who has, since his father's unfortunate death, been engaged in procuring an education. Presently he is maintaining a full course of study at Pueblo Junior College. It is admitted that if he were not so engaged, he could undoubtedly procure employment for his maintenance.

\* \* \*

"The Referee finds that Joseph N. Harris, Jr., is presently 'incapable of' earning his own living while attending college and that respondent should continue to pay dependency benefits as heretofore directed.

\* \* \*

"IT IS, THEREFORE, ORDERED: That the respondent pay the sum of $159.25 per month, beginning December 1, 1961, to the Central Bank and Trust Company of Denver, Colorado, to be deposited in a savings account to be opened in the name of Joseph N. Harris, Jr., and that the respondent continue to make said monthly payments thereafter to the Central Bank and Trust Company until its obligation heretofore ordered has been fully discharged."

The district court affirmed the order of the Commission and entered judgment accordingly.

As grounds for reversal counsel for the employer argue:

"1. The evidence and findings show Claimant capable of earning his own living and in no way disabled.

"2. A Claimant cannot voluntarily remove himself from the labor market by going to college and thus render himself 'incapable' of earning his own living.

"3. As a matter of law, going to college does not render a person 'incapable' of earning his own living.

"4. The Order of the Commission is so indefinite and uncertain that it is unenforceable."

The statute applicable to the foregoing factual situation is C.R.S. '53 81-11-7, from which we quote:

"Death benefits shall terminate upon the happening of any of the following contingencies and shall thereupon survive to the remaining dependents, if any:

\* \* \*

"(3) When a son or brother of the deceased reaches the age of eighteen years, except as otherwise provided in Section 81-11-2."

This Section 81-11-2 provides in part:

" \* \* \* If such dependents be a son \* \* \* eighteen years of age or over \* \* \* to be entitled to compensation, they must prove that they were incapable of or actually disabled from earning their own living during the said time. \* \* \* "

The question for determination is, whether within the meaning of the statute the claimant had met the burden of proving that he was "incapable of" earning his own living when the sole basis for the claimed incapability is the fact that he was attending college.

The word "incapable" as employed in the statute has a common and generally accepted meaning. In considering the legislative intent of the pertinent statute there is no room for interpretation or construction "beyond giving effect to the common and accepted meaning

260

of the words employed in the act." *City of Montrose v. Niles, et al.,* 124 Colo. 535, 238 P. (2d) 875; *Jones, et al., v. Board of Adjustment,* 119 Colo. 420, 204 P. (2d) 560. In determining the intent of the legislature in adopting the statute it will be presumed, " * * * that words and phrases used therein are used in their familiar and popular sense and without any forced, subtle, or technical construction to limit or extend their meaning * * * ." *Jones, et al., v. Board of Adjustment,* supra.

■ We have read a number of definitions of the word "incapable" and have found none which would justify the conclusion as a matter of law that a person over eighteen years of age is "incapable" of earning his living simply because he has voluntarily removed himself from the labor market and has elected to go to college.

The judgment is reversed and the cause remanded with directions to enter a judgment vacating the award of the Commission.

Mr. Justice Sutton not participating.